Fremont-Smith, J.
The plaintiff, James Castellano (“Castellano”), brought this action against his partner and attorney, defendant Joseph Márchese (“Már-chese”), alleging breach of contract, breach of fiduciary duty, fraud, mismanagement and misappropriation of partnership funds, and unfair and deceptive trade practices under G.L.c. 93A, §11. With the exception of the 93A claim, the case was tried in the Superior Court before the Honorable Katherine Liacos Izzo on November 22 and 23, 1995. Defendant now moves for summary judgment on the c. 93A claim on the basis that actions taken within a partnership cannot form the basis of a claim under c. 93A. For the following reasons, defendant’s motion for partial summary judgment is DENIED.
*212 BACKGROUND
These are the relevant facts found by Judge Izzo. Márchese is an attorney admitted to the bar in 1973. Castellano and Márchese first met at an event at the World Trade Center and subsequently Márchese performed some minor legal services for Castellano. At Marchese’s suggestion they agreed that, if in the future Castellano found a bar for sale, he would contact Márchese and they would enter into a partnership to operate the bar.
In 1978, Castellano contacted Márchese and informed him that he was seeking to buy a bar in Georgetown for which he had already entered into a purchase and sale agreement. Castellano and Már-chese then orally agreed that, as equal partners in the real property and business, Castellano would manage and operate the bar whereas Márchese would be responsible for the legal and financial aspects and act as attorney for the partnership.
During the life of the partnership, Márchese did not issue to Castellano shares of either of the two entities, 37 Library Street Trust (“Library Trust”) and Old Nancy’s Steak and Brew, Inc. (“Old Nancy’s”), formed by Márchese for the partnership. On a few occasions, Márchese borrowed funds for the partnership from his parents and brother and secured these debts with mortgages on the Library Trust and Old Nancy’s. Then, in May 1980, Márchese, as trustee of the Library Trust, attempted to evict Old Nancy’s corporation (of which he was still one-half owner and was the attorney) from the premises in Georgetown for non-payment of rent. At the time, Old Nancy’s was subject to a notice of foreclosure by Marchese’s parents and brother, as well as tax liens and attachments. Judge Izzo found that Márchese was orchestrating some of these problems of Old Nancy’s, for his own and his family’s benefit.
Judge Izzo found that Márchese had an attorney-client relationship with Castellano, that “Márchese, by his actions, intentionally deceived Castellano, using his relationship as Castellano’s and the partnership’s attorney to falsely imply that Castellano had written legal title to the real estate,” and that “Márchese represented multiple clients and himself at all times relevant hereto. For example, he represented his father, mother, brother, . . . and Castellano when he negotiated the terms of the $55,000 mortgage. He was aware of all of the confidences between Castellano and himself and used those confidences to Castellano’s detriment.”
In November of 1979, Márchese organized the Cas-Mar corporation to take ownership of another bar, The Line, and assured Castellano that they would be equal partners in that bar as well. In June 1980 Castellano filed his first complaint, seeking to dissolve his partnerships with Márchese, requesting an accounting from Márchese, and damages under c. 93A. In May of 1982, Castellano and Márchese reached an accord, but it was never satisfied, and no accounting was rendered.
On September 16, 1983 Castellano filed another complaint to restrain Márchese and his family members from foreclosing on a mortgage held by them and requested a declaratory judgment as to the respective rights of the parties. The two cases were consolidated and tried together, following which Judge Izzo ordered that an accounting be conducted by an independent accountant. The report of the accountant, Anthony P. Carnevale, dated June 20, 1995 indicates that a payment of $32,302.65 to Castellano would ensure that each partner was compensated equally from the operation of the business.
DISCUSSION
This court grants summary judgment where there are no genuine issues of material fact and where the summary judgment record entitles the moving party to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of triable issue, and that the summary judgment record entitles the moving party to judgment as a matter of law. Penderson v. Time, Inc., 404 Mass. 14, 16-17 (1989).
Generally, disputes between parties in the same venture do not fall within the scope of G.L. 93A, §11. Szalla v. Locke, 421 Mass. 448, 451 (1995); Newton v. Moffie, 13 Mass.App.Ct. 462, 469-70 (1982). The rationale behind this rule is that c. 93A requires that there be a commercial transaction between a person engaged in trade or commerce with another person engaged in trade or commerce. Szalla, 421 Mass. at 451-52. Disputes between partners in the same venture do not usually qualify as a commercial transaction between persons engaged in trade or commerce because the transaction, as between them, is usually a private one in that partners generally do not purchase each other’s services but enter into a private arrangement to form a business together. Id. at 452.
Defendant argues, citing Szalla, that plaintiffs c. 93A action cannot be sustained because it is based on a dispute between Castellano and Márchese as partners. However, this case is distinguishable from Szalla and its progeny because here Márchese acted not only as Castellano’s partner, but also as his attorney. It is clear that the practice of law constitutes “trade or commerce” under G.L.c. 93A, §11. Brown v. Gerstein, 17 Mass.App.Ct. 558, 570-71 (1984). As Castellano’s c. 93A action is based on Marchese’s conduct in his capacity as Castellano’s attorney, the action is proper notwithstanding the fact that Márchese may have also been acting in his partnership capacity. See Szalla, 421 Mass. at 451-52. Brown, 17 Mass.App.Ct. at 570-71. Whereas Szalla rests on the factual premise *213 that an exchange of goods or services between separate business entities was there lacking, here Judge Izzo specifically found that there was an exchange of legal services between Marchese, as attorney, and Castellano. See Szalla, 421 Mass. at 451-52.
Márchese further argues that, even if c. 93A may be appropriately applied to the attorney-client relationship here, Castellano cannot maintain his c. 93A action because he cannot make the required showing of loss of money or property caused by Márchese as his attorney, as distinguished from any loss caused by his actions as a partner.-
However, Carnevale determined that plaintiff is owed by Márchese an amount which with interest totals $32,302.65 and there is at least an issue of material fact whether this loss resulted from Marchese’s actions taken as Castellano’s attorney, rather than or in addition to his actions taken purely as a partner. The facts of this case, as found by Judge Izzo, indicate for instance, that Márchese simultaneously represented Castellano and all the other parties in negotiating mortgages of partnership assets (for Marchese’s family, but not for Castellano) and that, in doing so Márchese used confidences of Castellano’s to his detriment. Marchese’s representation of multiple parties with conflicting interests is itself a violation of an attorney’s legal obligation. In these circumstances, it cannot be stated conclusively that plaintiff suffered no loss of money or property as a result of defendant’s unfair and deceptive acts as an attorney.
Finally, Márchese argues, citing Halper v. Demeter, 34 Mass.App.Ct. 299, 302-03 (1993), that Castellano is precluded from pursuing his c. 93A claim based on any action of Márchese other than his failure to document Castellano’s fifty percent ownership because these theories were not articulated in the original complaint. In Halper, however, the Appeals Court held only that a judge could not find c. 93A liability based on actions which were not alleged to be violations of c. 93A until they “surfaced for the first time” in closing arguments and supplemental requests for findings filed after the close of evidence. Id. at 301. Here, on the other hand, Castellano’s complaint was correctly characterized by Judge Izzo as a claim for damages under c. 93A based on breach of contract, breach of fiduciaiy duty, fraud and misappropriation of partnership funds.
ORDER
It is therefore ORDERED that defendant’s motion for summary judgment on plaintiffs c. 93A claim be DENIED.
As it is unclear what, if any, additional evidence will be required for disposition of the c. 93A claim, an additional status conference is hereby scheduled for 9 a.m. on April 9, 1996.